**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**
Four Century Drive, Suite 250
Parsippany, NJ 07054
(973) 734-3200
(973) 734-3201
By:   Nada Peters, Esq.
        Michael C. DeBenedetto III, Esq.
Attorneys for Defendant, Walmart Inc.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRANELL SMITH,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNION 22 PLAZA, LLC, WALMART INC., CITY FACILITIES MANAGEMENT FL LLC JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>                    Defendants. | Civil Action No.: 2:22-cv-06176<br><br>**NOTICE OF REMOVAL** |

  Defendant, Walmart Inc. ("Walmart"), by and through its undersigned counsel, for the purpose of removing this case pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446.  Walmart appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it.  By way of providing the Court with the basis for Walmart's request for removal, Walmart respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Walmart in such action:

  1. <u>State Court Action</u>.  Plaintiff, Tranell Smith ("Plaintiff"), filed the above-captioned action against Defendants in the Superior Court of New Jersey, Law Division, Essex County, New

Jersey, on or about November 2, 2021, in a matter pending as docket number ESX-L-008251-21. Copies of all process, pleadings, and orders served upon Walmart are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).  A copy of Defendant Walmart Inc.'s Answer filed in this action is attached hereto as Exhibit B.  A copy of Defendant City Facilities Management FL, LLC's Answer filed in this action is attached hereto as Exhibit C. A copy of the stipulation of dismissal as to Defendant Union 22 Plaza, LLC is attached hereto as Exhibit D.

2. <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiff asserts claims against Defendants for negligence alleging that Plaintiff was injured at a Walmart store in Union, New Jersey on December 23, 2020, due to carelessness and negligence of defendants, and as a result, Plaintiff suffered severe and permanent injuries.  The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed.  <u>See</u> Exhibit A.

3. <u>Defendants</u>.  In addition to Walmart Inc., Plaintiff named Union 22 Plaza LLC and City Facilities Management FL LLC, as co-defendants.  Defendant Union 22 Plaza LLC has since been dismissed from this matter. Other than fictitious defendants, no other defendants are named.

4. <u>Federal Court Subject Matter Jurisdiction</u>. 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendants, and in which the amount in controversy equals or exceeds $75,000.00.

The incident at issue in this action allegedly occurred at a Walmart retail store located in Union, New Jersey which is operated by Wal-Mart Stores East, LP.  Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE

Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas.

According to the Complaint, Plaintiff is a citizen of New Jersey, residing in Jersey City, New Jersey.

Based on information provided by Defendant City Facilities Management FL, LLC, it is a Delaware limited liability company with its principal place of business in Jacksonville, Florida.

Furthemore, while Walmart denies all liability to Plaintiff and that she is enittled to any of the relief sought in the Complaint, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000. More specifically, Plaintiff seeks damages in this matter in the amount of $200,000. (See Statement of Damages dated September 23, 2022 from Plaintiff's counsel to Walmart's counsel received by Defendant on September 23, 2022 identifying Statement of Damages, attached hereto as Exhibit E)

Accordingly, for the reasons set forth above, Walmart respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.

5. Timely Filing. A copy of the Summons and Complaint was served on Walmart on or about November 8, 2021. However, this case was not initially removable based on the vague allegations in the Complaint. On December 20, 2021, Walmart filed and served Plaintiff with an Answer to the Complaint, which contained a request that Plaintiff provide a Statement of Damages. (See Exhibit B.) There was a delay in the Statement of Damages being provided to Walmart

despite repeated follow up requests to Plaintiff's counsel for it.  On September 23, 2022, Plaintiff finally served a Statement of Damages asserting damages in this matter in the amount of $200,000.  (See Statement of Damages attached hereto as Exhibit E.)

Accordingly, the filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of receipt of Plaintiff's Statement of Damages, notifying Defendants for the first time that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a) and thus that this action is removable.  See Rahwar v. Nootz, 863 F. Supp. 191 (D.N.J. 1994) (finding that Statement of Damages qualifies as "other paper" as contemplated by 28 U.S.C. § 1446(b)(3)).

5. State Court Documents Attached. Copies of all process, pleadings and orders served upon Defendant Walmart is annexed hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

6. Proper Venue.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Essex County, New Jersey, the forum in which the removed action was pending.

7. Notice to Plaintiff and State Court.  Promptly upon filing this Notice of Removal with this Court, Defendant Walmart, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, New Jersey.

8. Co-Defendants.  As demonstrated below, Defendant City Facilities Management FL, LLC consents to removal.  The only other non-fictitious defendant named in this action is Union 22 Plaza, LLC, who has been dismissed from this action.

9. Relief Requested. Defendant Walmart Inc. respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Essex County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant Walmart Inc. hereby removes this action, currently pending as Docket Number ESX-L-8251-21 in the Superior Court of New Jersey, Law Division, Essex County, New Jersey.

Dated:  October 20, 2022                         /s/ Nada M. Peters
                                                 Nada M. Peters, Esq.
                                                 Michael C. DeBenedetto III, Esq.
                                                 **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
                                                 Four Century Drive | Suite 250
                                                 Parsippany, New Jersey 07054
                                                 Tel.: 973.734.3200
                                                 Fax: 973.734.3201
                                                 Email: npeters@darcambal.com
                                                 Attorneys for Defendant, Walmart Inc.

As indicated by the signature below, Defendant City Facilities Management FL, LLC hereby consents to removal:

/s/ Peter J. Dahl
 Peter J. Dahl, Esq.
LAW OFFICES OF JAMES H. ROHLFING
**Mailing Address:**
P.O. Box 2903
Hartford, CT 06104-2903
**Physical Address:**
445 South Street, Suite 200
Morristown, NJ 07960-6475
Tel.: 973. 631.7342
Email: pdahl2@travelers.com
Attorneys for Defendant, City Facilities Management FL, LLC.

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Essex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Walmart Inc.'s knowledge, information, and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  October 20, 2022                    /s/ Nada M. Peters
                                                      Nada M. Peters, Esq.
                                                      D'ARCAMBAL OUSLEY & CUYLER BURK, LLP
                                                      Four Century Drive | Suite 250
                                                      Parsippany, New Jersey 07054
                                                      Tel.: 973.734.3200
                                                      Fax: 973.734.3201
                                                      Email: npeters@darcambal.com
                                                      Attorneys for Defendant, Walmart Inc.